DA 12-0722

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 185N

IN RE THE MARRIAGE OF:
KATIE LEIGH BELD,

      Petiitioner and Appellee,

  v.

RYAN EDWARD BELD,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                    In and For the County of Yellowstone, Cause No. DR 07-0558
                    Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Jacquelyn M. Hughes, Hughes Law Firm, P.L.L.C.; Billings, Montana

        For Appellee:

                Jo Messex Casey, Hendrickson Law Firm, P.C.; Billings, Montana

                            Submitted on Briefs:  June 12, 2013

                                         Decided:  July 9, 2013

Filed:

                              _____
                                        Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Ryan E. Beld (Ryan) appeals the order of the Thirteenth Judicial District Court, Yellowstone County, that enforced a settlement agreement between Ryan and his former spouse, Appellee Katie Leigh Beld (Katie). We affirm.

¶3 Ryan and Katie filed a settlement agreement and consent to entry of decree of dissolution of marriage on March 24, 2010. Katie received the family house, valued at $280,000, and one-half of their business, La-Z-Boy Furniture Galleries. Ryan received the other half of La-Z-Boy Furniture Galleries. The agreement provides that both parties would be "jointly responsible for the debt to La-Z-Boy corporate and Yellowstone Bank."

¶4 Katie and Ryan separately filed for bankruptcy shortly after entry of the decree. Katie sold the house at some point during the bankruptcy. The house secured a business loan at Yellowstone Bank for La-Z-Boy Furniture Galleries. Katie used $126,266.32 of the proceeds to pay off the business loan at Yellowstone Bank.

¶5 Katie filed a motion to compel and/or motion for contempt on February 14, 2012. This motion sought to require Ryan to pay Katie $63,133.16, or one-half of the business loan, on the grounds that the settlement agreement provided that Ryan and Katie would be

2

"jointly responsible" for the La-Z-Boy debt. Ryan objected on the grounds that Katie had received 100% equity on the house plus half of the business in the settlement agreement.

¶6 The District Court interpreted "jointly responsible" in the settlement agreement to require Ryan to take responsibility for 50% of the business debt. The District Court ordered Ryan to pay the $63,133.16 to Katie on an installment basis. The court rejected Ryan's claim that payment would be impossible. The court recognized that it would be difficult, but that the payment plan made it possible. Ryan appeals.

¶7 Ryan argues on appeal that an ambiguity exists with the settlement agreement in that it does not define how the parties would be "jointly responsible" for the debts. Ryan argues that he should get credit for his non-financial contributions to the efforts to liquidate La-Z-Boy Furniture Galleries. Both the existence of a contract and its interpretation present questions of law that we review for correctness. *Kluver v. PPL Mont., LLC,* 2012 MT 321, ¶ 19, 368 Mont. 101, 293 P.3d 817.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. It is manifest on the face of the briefs and the record before us that the District Court correctly interpreted the settlement agreement.

¶9 Affirmed.

/S/ BRIAN MORRIS

We concur:

/S/ MIKE McGRATH

3

/S/ BETH BAKER
/S/ PATRICIA COTTER